**NOT FOR PUBLICATION**

In the
# United States Court of Appeals
For the Eleventh Circuit

---

No. 25-12328
Non-Argument Calendar

---

GUERLANCIE FELIX,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

---

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-163-098

---

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Guerlancie Felix seeks review of the Board of Immigration Appeals's final order affirming the immigration judge's denial of her application for asylum and withholding of removal under the

Immigration and Nationality Act. Felix raises two issues. First, she argues that the immigration judge and BIA legally erred by failing to shift the burden of proof to the government after the immigration judge found that Felix suffered past persecution on account of her political opinion. Second, she argues that the BIA legally erred, and failed to show reasoned consideration of her claims, by not considering whether she was eligible for humanitarian asylum after the immigration judge found that she suffered past persecution on account of her political opinion. The government responds by arguing that Felix did not exhaust her current arguments by raising them before the BIA. We largely agree and, accordingly, dismiss her petition in part and deny it in part.

**I.**

We begin with Felix's first assertion: that the immigration judge and the BIA failed to shift the burden of proof, as necessary, to the government. She failed to exhaust this claim. As a result, we dismiss her petition as to this claim.

We review only the BIA's decision, except that we also review the immigration judge's decision to the extent the BIA adopts or agrees with the immigration judge's decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). Accordingly, we do not consider findings of the immigration judge that the BIA did not reach. *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1222 n.7 (11th Cir. 2023). We review legal errors, such as the application of the wrong legal standard, *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792,

799 (11th Cir. 2016), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023).

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). To exhaust a claim, it is not enough that the petitioner made passing reference to an issue before the BIA, as "[u]nadorned, conclusory statements do not satisfy this requirement." *Jeune*, 810 F.3d at 800. Instead, she must raise the "core issue" before the BIA, set out any discrete arguments that she relies on, and provide enough information to permit the BIA to review and correct any errors below. *Id.* We cannot, therefore, "consider claims that have not been raised before the BIA." *Laguna Rivera v. U.S. Att'y Gen.*, 130 F.4th 915, 925 (11th Cir. 2025) (citation modified).

For this reason, Felix's argument that the immigration judge erred by not applying the presumption of future persecution is not properly before us. Felix never raised this issue before the BIA, whether in her notice of appeal or in her briefing. She has thus not appropriately exhausted this claim and, accordingly, we dismiss the petition as to this claim.

**II.**

We now turn to Felix's second argument: that the BIA erred by not considering whether she was eligible for humanitarian asylum. Relatedly, she argues that the BIA failed to show reasonable consideration of her claim for humanitarian asylum. We discuss and reject these issues in turn.

Felix did not exhaust her argument that the BIA erred in not considering her eligibility for humanitarian asylum, so it is not properly before us. Her notice of appeal to the BIA did not mention this claim. Nor did she brief this claim before the BIA. As with her first argument, then, we dismiss her petition to the extent it raises an argument about the denial of humanitarian asylum.

And, although no exhaustion requirement applies to her reasoned consideration challenge, it fails on the merits because the BIA cannot fail to show reasoned consideration of a claim not made. We review reasoned-consideration challenges *de novo*. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). "To enable our review, the [BIA] must give reasoned consideration to an applicant's claims and make adequate findings." *Id.* (citation modified). An argument that the BIA did not give reasoned consideration to a petitioner's claims does not require exhaustion, as it is "facially nonsensical" to fault a petitioner "for not raising an argument about the lack of reasoned consideration displayed by a decision not yet in existence." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). But the BIA is only required to give reasoned consideration to claims that the petitioner raises. *See Jeune*, 810 F.3d at 802 (explaining that a petitioner cannot fault the BIA "for its failure to intuit an argument he never made").

Applying these standards, Felix's argument that the BIA failed to give reasoned consideration to her appeal by not considering her eligibility for humanitarian asylum fails. In effect, Felix is arguing that the BIA failed to give reasoned consideration to an unexhausted claim that was not appropriately before it. This argument is "facially nonsensical." *See Indrawati*, 779 F.3d at 1299; *Jeune*, 810 F.3d at 802. Consequently, we deny the petition in part to the extent it raises a reasoned-consideration claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**